### THURBER *et al.* v. STIMMEL.

*(Supreme Court, General Term, First Department.* May 18, 1888.)

MORTGAGES—PAYMENT—EVIDENCE—INTENTION OF MORTGAGOR.

Defendant was the assignee of a chattel mortgage originally given for $6,000, but which it was contended was reduced to $3,500 by certain payments made at or about the time of the assignments, and which the mortgagor testified were in extinguishment, *pro tanto*, of the mortgage. This testimony was contradicted by the admission of the mortgagor, made in an action against him, that the full amount of the mortgage was still due, and by evidence of other later admissions. · Upon his testimony the court below mainly, though not wholly, based its conclusions; that offered on the other side being equally inconclusive. It was apparent that these payments had so reduced the claim of the original mortgagee that he could not have enforced it for a greater sum than $3,500. *Held*, that in the absence of a clearly expressed intention on the part of the debtor, as well as that of the assignee, to continue the mortgage in force as security for the indebtedness owing to the latter, the payments made reduce the mortgage, and defendant must account to the holder of a second mortgage for the surplus of the proceeds realized by him on the sale of the property, exceeding $3,500 and interest.

Appeal from special term, New York county.

Action by Francis B. Thurber and others against John Stimmel. Judgment for plaintiffs, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Edward P. Wilder*, for appellant. *E. More*, for respondents.

MACOMBER, J. This action is brought to compel the defendant to account for surplus moneys arising upon the foreclosure of a chattel mortgage assigned to him. The defendant is the assignee of the chattel mortgage, which was given by one Swan to Maltby G. Lane, in 1883, to secure the payment of $6,000. The year afterwards, there being about $7,000 then due on the mortgage, and Lane threatening to foreclose, Swan, as is found by the learned trial judge, paid a sufficient sum upon the mortgage so as to reduce the amount due thereon to $3,500. Upon the sale of the mortgaged property there was realized the sum of $4,551.38. The plaintiffs held a mortgage upon the same property which was executed to them the 17th day of June, 1884, to secure $1,515.47, evidenced by a note of that amount payable on demand. The plaintiffs had judgment against the defendant for the difference between $3,500 and the interest thereon, and the amount realized upon the sale of the chattels, namely, the sum of $923.83, besides costs and disbursements. Much of the evidence is inconsistent and inconclusive. It is attempted to be shown by the witness Swan that the sums which he paid, at or about the time of the assignment of the mortgage to the defendant, were in extinguishment, *pro tanto*, of the mortgage itself. The learned judge at the trial has derived the conclusion mainly from Swan's testimony, but not wholly, that such was the effect of the acts of the parties. Inconsistent therewith, it is shown that, in an action by the defendant against Swan for fraud, Swan substantially admitted

that the amount due upon the mortgage was as stated in that complaint, namely, upwards of $6,000, and other evidence of Swan's subsequent admissions appears in the case. Yet, upon an examination of the testimony adduced in behalf of the defendant, the same inconclusiveness appears. The significant circumstance upon which the judgment must stand, if at all, is that notes and money were parted with by Swan and others at or about the time of the assignment of the mortgage to the defendant, and Lane's (the mortgagee's) claim was by so much reduced, so that Lane could not have enforced the mortgage for a greater sum than $3,500 and the interest. This being the controlling fact in the case, it was necessary, in order to continue the mortgage as a security for the indebtedness which Swan owed the defendant, that there should have been a clearly-expressed intention on the part of the debtor, as well as on the part of the creditor, that it was their joint purpose thus to continue it in force. In the absence of such proof, the payments made reduced the sum actually recoverable by the amount thereof. *Champney* v. *Coope*, 32 N. Y. 543; *Hubbell* v. *Blakeslee*, 71 N. Y 70. Judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concurring.